IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

      Plaintiff,                        No. CIV S-10-3145 EFB P

    vs.

ALVARO C. TRAQUINA, et al.,

      Defendants.                 <u>ORDER</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. Nos. 6, 7. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. Plaintiff alleges as follows. On January 7, 2010, defendant Chen, plaintiff's primary care provider, recommended that plaintiff have a biopsy surgery on his left shoulder. Plaintiff does not allege why this was so. On January 8, 2010, defendant McAlpine approved Chen's recommendation. On April 6, 2010, defendant Traquina consulted with plaintiff for surgery on plaintiff's left shoulder. On July 8, 2010, Traquina again consulted with plaintiff for surgery on his left shoulder. On the same day, Traquina erroneously removed a section of skin and tissue from plaintiff's right shoulder. The section removed was two inches long by one inch deep. When plaintiff confronted Traquina about his error, Traquina opened plaintiff's medical records and replaced notations regarding the left shoulder, with notations regarding plaintiff's right shoulder. A response to plaintiff's administrative appeal, attached as an exhibit to the complaint, indicates that the biopsy was taken of plaintiff's right shoulder because it appeared more suspicious than the "infrascapular lesions" on his left shoulder." Dckt. No. 1 at 17.[1] On July 19, 2010, defendant Thompson failed to completely remove the sutures from plaintiff's shoulder, causing him pain and discomfort. On July 24, 2010, defendant Chen also failed to detect sutures that were still embedded in plaintiff's incision. Ths sutures caused plaintiff pain and irritation and were not removed until eight weeks later. Plaintiff claims defendant McAlpine should have sent plaintiff to an outside hospital for the surgery on his left shoulder, and that his failure to do so resulted in Traquina performing an unnecessary surgery on

---

[1] For ease of reference, all references to page numbers in the complaint are to those assigned via the court's electronic filing system.

3

plaintiff's right shoulder.  Plaintiff also claims that defendant Collejo failed to adequately review plaintiff's medical chart prior to his surgery.  Plaintiff does not allege how or if Collejo was involved in plaintiff's surgery.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

4

Plaintiff fails to state a cognizable claim under these standards. Plaintiff has not alleged sufficient facts regarding the medical condition that required surgery. Nor has plaintiff alleged sufficient facts to show that any defendant acted with the requisite intent of deliberate indifference to plaintiff's serious medical needs. It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff's allegations suggest, at worst, that some, but not all defendants were negligent. Plaintiff has not alleged any wrongdoing on the part of defendant McAlpine. While plaintiff's allegations that Traquina falsified plaintiff's medical records could support an inference that Traquina operated on the wrong shoulder and attempted to cover it up, this allegation does not suggest that Traquina acted with deliberate indifference by performing surgery on the right shoulder as opposed to the left. The falsification of records itself is insufficient to state a cognizable claim of deliberate indifference to plaintiff's serious medical needs. Thus, to proceed plaintiff must file an amended complaint with factual allegations sufficient to state a claim.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

5

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE